## Barto *v.* Pennsylvania Railroad Company, Appellant.

*Negligence — Railroads — Infant — Trepasser — Boy killed crossing tracks—Question for jury.*

1. In an action against a railroad company to recover damages for the death of a boy seven years old killed while crossing the tracks of the defendant, the case is for the jury where the issue is whether the boy was struck at a public crossing, or whether he was struck while trespassing on the tracks fifteen to twenty-five feet from the crossing, and the evidence on the subject is conflicting.

*Damages—Evidence—Wages.*

2. The fact that a witness who is not an expert is permitted to state from his own personal knowledge the amount of wages usually paid to boys in a particular locality, is not a ground for reversing a judgment, where the facts stated are so generally within the common knowledge of the jurors, that their statement would not have any effect for or against either party to the action.

Argued Oct. 25, 1911.   Appeal, No. 26, Oct. T., 1911, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1909, No. 231, on verdict for plaintiff in case of Alva Barto v. Pennsylvania Railroad Company.   Be-

fore RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for the death of a boy seven years old.   Before AUTEN, J.

The facts are stated in the opinion of the Superior Court.

At the trial when Harry Koons, a witness for the plaintiff, was on the stand, he was asked this question: "Q. Now I will ask you this question: From what you know of young boys working in and about Watsontown, between the ages of 14 and 21, what wages is it customary to pay them in any work of any character or kind in which they engage, in and about that community?"

Mr. Kline: To which counsel for the defendant object, the witness not having qualified, not shown his knowledge of what boys do receive, of that age, or any age, the testimony is incompetent, irrelevant and immaterial.

The Court: Objection overruled, evidence admitted and bill sealed for the defendant.   It will be for the jury to say how much, if any, importance should be attached to this testimony. [11]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,059.92.   Defendant appealed.

*Errors assigned* amongst others were (1) in refusing binding instructions for defendant; (11) ruling on evidence, quoting the bill of exceptions.

*J. Simpson Kline,* with him *Geo. B. Reimensnyder,* for appellant.

*Arthur L. Swartz* and *Grant Herring,* for appellee.

OPINION BY ORLADY, J., March 1, 1912:

A son of the plaintiff's, aged seven years, was killed while crossing the tracks of the defendant company and the material question on the trial in the court below was whether the child attempted to cross the tracks at a public

street crossing or at fifteen to twenty-five feet distant therefrom.

On this question, as well as every other important one in the case the testimony was conflicting. While the witnesses were familiar with the crossing and its surrounding objects and a number of them saw the child but a moment before he entered upon the tracks of the company, they differed in several significant particulars.

The train which caused his death was a fast freight of thirty-two cars and scheduled to run at thirty miles per hour. When it approached the crossing the engineer saw some children near to the track and noticed that the watchman at the crossing was signaling them to stop or keep back. He saw this little boy pass the front end of the engine, but too late to avoid the accident as he was not certain that the child had been struck until he made inquiry of the fireman whose station was on the opposite side of the engine from the one occupied by him. The train was promptly stopped and the dead body was found some distance from the crossing.

It was testified to by several eyewitnesses that the train was moving at an unusual speed—as fast as an express passenger train; that no whistle was sounded nor bell rung; that a train going in an opposite direction had just passed the crossing and that the watchman was standing with his back in the direction from which the boy came, and most important of all, it was shown that at the inquest which was held a few days subsequent to the accident, when the details of the tragedy were naturally fresh in the minds of the parties immediately associated with it, the track or crossing watchman stated that the child was crossing the track beyond or below and not on the regular public crossing,—when the engineer interrupted him and stated that he had hit him right on or at the crossing. Four witnesses testified that the engineer so stated at the inquest. On the trial the engineer with exceptional frankness, would not fix with any definiteness the exact place where his engine struck the boy.

The whole case centered on this one question, and the testimony was so conflicting that it became the duty of the court to refer its solution to the jury, which was done in a careful and adequate manner. . In regard to this the trial judge said: "If this boy voluntarily left Eighth street, the public highway, and undertook to run over and across these tracks, at a point where there was no highway, then he was a trespasser and there can be no recovery and your verdict must be for the defendant; whether he did or did not is for you to determine, your duty is to take the law from me and your further duty is to find the facts from the testimony."

The evidence in relation to wages usually paid for the services of boys between fourteen and twenty-one years of age in that community, was not offered as coming from an expert, but as a statement of facts within the personal knowledge of the witness, Harry Koons, and related to facts so generally within the common knowledge of jurors that it could not have any effect for or against either party to the action. It might well have been excluded, but having been received it was a harmless and not reversible error.

The case was ably and fairly tried and the verdict was reasonably to be expected from the preponderance of the testimony in the plaintiff's favor.

The judgment is affirmed.